UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

        - against -                              **MEMORANDUM AND ORDER**
                                                  16-CV-6066 (RRM)

LOUIS R. BALLENTINE
a/k/a LOUIS BALLENTINE,

                Defendant.
-------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

        Plaintiff, the United States of America ("plaintiff"), commenced this action on November 2, 2016, seeking the recovery of $20,2506.84 in student loan debt, plus interest and costs. (See Complaint, dated Oct. 26, 2016 ("Compl.").) To date, defendant Louis R. Ballentine ("defendant") has not answered or moved with respect to the complaint. On December 22, 2016, plaintiff moved for a default judgment. (Motion for Default Judgment, dated Dec. 22, 2016 ("Mot. Default J.").) Defendant failed to respond. For the reasons stated below, the Court orders that plaintiff's motion be granted and that plaintiff be awarded $20,700.24 plus interest.

## BACKGROUND

        Plaintiff alleges that on or about August 20, 2004, defendant "executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education" ("the Department"). (Certificate of Indebtedness, dated Oct. 18, 2016 ("Certificate of Indebtedness"), annexed to the Compl. as Ex. A.) On October 29, 2004, the loan was dispersed in payments of $6,504.02 and $6,714.49, for a total of $13,218.51. (Id.) The interest rate is 4.375 percent per annum. (Id.) The Department demanded payment and defendant defaulted on December 16, 2009. (Id.) Pursuant to 34 C.F.R. § 685.202(b), the Department capitalized an amount of $2,221.46 in unpaid interest and added it to the principal balance. (Id.) The Department has also

credited payments of $216.00 to the balance. (Id.) As of October 18, 2016, the principal was $15,439.97 and the total debt was $20,506.84. (Id.) The interest rate of 4.375 percent per annum equals $1.85 per diem. (Id.) Plaintiff calculates that the total balance had risen to $20,625.24 as of December 21, 2016. (Affirmation of Michael T. Sucher, Esq., dated Dec. 21, 2016("Sucher Aff."), ¶ 8.)

## DISCUSSION

A.  Default

"Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment." United States v. Kemp, No. 15 CV 2419, 2015 WL 6620624, at *2 (E.D.N.Y. Oct. 30, 2015). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). "Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the court may, on a plaintiff's motion, enter a default judgment." Kemp, 2015 WL 6620624, at *2 (citing FED. R. CIV. P. 55(b)(2)).

Plaintiff has demonstrated that defendant was properly served with the summons and complaint. (Affidavit of Service of Olga Martsenyuk, sworn to Dec. 19, 2016.) On December 20, 2016, the Clerk of the Court noted defendant's default. (Clerk's Certificate, dated Dec. 20, 2016.) Plaintiff has alleged that defendant executed a promissory note for loans originally totaling $13,218.51 and has since defaulted on the debt. (Certificate of Indebtedness.) The Court therefore orders that plaintiff's motion for default judgment be granted.

B.  Damages

It is well settled that, upon default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. Cotton v. Slone, 4 F.3d 176, 181

(2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). "On a motion for default judgment, a plaintiff has the burden to prove damages to the court with a 'reasonable certainty.'" Kemp, 2015 WL 6620624, at *2 (quoting Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)).

Here, plaintiff seeks to recover the unpaid principal of the loan, prejudgment interest, costs, and post-judgment interest pursuant to 28 U.S.C § 1961. (Compl. ¶ 5.) First, plaintiff has established, via a sworn certificate of indebtedness, that defendant owes a principal balance of $15,439.97. (Certificate of Indebtedness.) The Court orders that plaintiff be awarded this amount.

Next, plaintiff requests prejudgment interest. Plaintiff has established an interest rate of 4.375 percent per annum, a rate of $1.85 per day. (Id.) The Department calculates an accrued interest total of $5066.87 as of October 18, 2016. (Id.) Plaintiff calculates that this amount has increased to $5185.27 as of December 21, 2016. (Sucher Aff. ¶ 8.) The Court finds this calculation to be accurate. Plaintiff also requests per diem interest from December 8, 2015 through the date of entry of judgment. (Id. ¶ 12.) Accordingly, the Court orders an award of $5185.27 and that prejudgment interest shall continue to accrue at the rate of $1.85 per day from December 8, 2015 until the date of judgment.

Plaintiff also requests, and is entitled to, post-judgment interest pursuant to 28 U.S.C § 1961. (Compl. ¶ 5.) "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week

3

preceding. [*sic*] the date of the judgment." 28 U.S.C. § 1961(a); see also United States v. Williams, No. 09 CV 3465, 2013 WL 3187050, at *3 (E.D.N.Y. June 20, 2013) (awarding post-judgment interest pursuant to 28 U.S.C § 1961).

Finally, plaintiff seeks to recover $75 for service of the summons and complaint. (Sucher Aff. ¶ 10.) Costs "may be awarded to the prevailing party in any civil action brought by or against the United States." 28 U.S.C. §2412(a)(1). The Court finds the requested $75 reasonable, and orders that it be awarded.

## CONCLUSION

For the reasons stated above, plaintiff's motion for default judgment is granted and damages are awarded in the amount of $20,700.24[1]. Additionally, the plaintiff is awarded prejudgment interest at the rate of $1.85 per day from December 21, 2016 until the date of judgment, and post-judgment interest pursuant to 28 U.S.C. § 1961(a).

The Clerk of Court is respectfully directed to enter Judgment pursuant to this Order and close the case. Plaintiff is directed to serve a copy of this Order and the accompanying Judgment on Louis R. Ballentine at his last known address and file proof of service with the Court.

SO ORDERED.

Dated: Brooklyn, New York
      May 1, 2017

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[1] This amount represents a principal balance of $15,439.97, prejudgment interest of $5,185.27 as of December 21, 2016, and costs and fees of $75.